IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Jeremy Gerald, | Case No. 5:17 CV 614 |
| Petitioner, | MEMORANDUM <u>OPINION AND ORDER</u> |
| -vs- | JUDGE JACK ZOUHARY |
| Ohio Department of Rehabilitation and Corrections, | |
| Respondent. | |

## INTRODUCTION

Petitioner *pro se* Jeremy Gerald filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Doc. 1). In 2016, Gerald was convicted by the Summit County Court of Common Pleas of three counts of receiving stolen property, plus one count each of failure to comply with police orders and driving under suspension. He is currently serving a six and a half year sentence in the Richland Correctional Institution. He asserts the following eight grounds for relief: (1) the State lacked probable cause to charge him with the offenses; (2) his bail was excessively high; (3) his motion to suppress should have been granted; (4) his motion to sever should have been granted; (5) his motion for change of venue should have been granted; (6) his motion regarding jail conditions should have been granted; (7) there was "racism" in the jury selection process; and (8) Ohio Revised Code § 2921.331 -- governing failure to comply with police orders directing traffic, one of the offenses for which Gerald was convicted -- is unconstitutionally vague (Doc. 1 at 28–36).

Gerald also seeks to amend his Petition to name the Ohio Department of Rehabilitation and Corrections (ODRC) as Respondent (Doc. 6). That request is granted.

**BACKGROUND**

Despite its length, the Petition contains very little factual information. Gerald alleges he was arrested and charged with three counts of receiving stolen property, three counts of theft, and one count each of failure to comply, assault, driving under suspension, turning in a roadway, speeding, and willful or wanton operation of a vehicle (Doc. 1 at 28). A Stow Municipal Court Magistrate conducted a preliminary hearing and found probable cause for all the charges (*id.*). The case was then bound over to the Summit County Court of Common Pleas.

The grand jury met in December 2015. They found probable cause to indict Petitioner on seven of the charges (*id.* at 29). Gerald filed a *pro se* petition for a writ of habeas corpus in the Ohio Supreme Court, claiming the state lacked probable cause to charge him (Doc. 3 at 107–08). The court denied his petition (*id.* at 109), and the case proceeded to trial.

At the outset of trial, the State moved to dismiss one of the receiving stolen property charges because the owner of the property could not be located (Doc. 1-1 at 73; Doc. 4-1 at 65). The jury returned its verdict on August 5, 2016, finding Gerald guilty of failure to comply with the order of a police officer, three counts of receiving stolen property, and driving under suspension (Doc. 1-1 at 73). He was sentenced to an aggregate term of incarceration of six and one half years (*id.* at 74). The court also suspended his license for another six months (*id.*).

The following month, Gerald appealed his convictions to the state court of appeals (Doc. 3 at 7). The appeal was dismissed as untimely (*id.* at 19). In December 2016, Gerald requested leave to file a delayed appeal (*id.* at 35). That motion was denied in March 2017. Upon review of the state court docket, it appears Gerald filed a notice of appeal of that decision in the intermediate appellate court, but it is unclear whether he actually filed the appeal in the Ohio Supreme Court.

Meanwhile, in December 2016, Gerald moved for a new trial, raising some of the same arguments included in this Petition (Doc. 1-1 at 2, 96–98). The trial court denied the motion the following month (*id.* at 116–19), and the state court docket shows Gerald requested leave to file a delayed appeal in April 2017. The state appellate court denied the request and dismissed the appeal. In June 2017, Gerald appealed that decision to the Ohio Supreme Court. That appeal remains pending.

Finally, the state court docket also reflects a petition for post-conviction relief filed in May 2017, which raises many of the arguments presented to this Court. That petition remains pending in the state trial court.

Rather than waiting for the Ohio courts to decide his appeal and post-conviction petition, Gerald filed this Petition. He contends, based on the state court rulings, that the state appellate courts have demonstrated a refusal to apply the law in an unbiased way to vindicate his rights, and exhaustion of state court remedies should therefore be excused.

## DISCUSSION

Before this Court can review the merits of the Petition, Gerald must surmount several procedural barriers, including exhaustion. As a general rule, a state prisoner must exhaust all possible state remedies before a federal court will review a petition for a writ of habeas corpus. 28 U.S.C. § 2254(b) & (c); *see Baldwin v. Reese*, 541 U.S. 27 (2004). Exhaustion is fulfilled once a state supreme court provides a convicted defendant a full and fair opportunity to review his or her claims on the merits. *O'Sullivan v. Boerckel*, 526 U.S. 838, 842–43 (1999); *Rust v. Zent*, 17 F.3d 155, 160 (6th Cir. 1994); *Manning v. Alexander*, 912 F.2d 878, 881 (6th Cir. 1990).

To be properly exhausted, each claim must have been "fairly presented" to the state courts. *See e.g. Wagner v. Smith*, 581 F.3d 410, 414 (6th Cir. 2009); *Frazier v. Huffman*, 343 F.3d 780, 797 (6th Cir. 2003). Fair presentation requires that the state courts be given the opportunity to see both the factual and legal basis for each claim. *Wagner*, 581 F.3d at 414. For the claim to be exhausted, it must be presented to the state courts as a federal constitutional issue, not merely as an issue arising under state law. *Koontz v. Glossa*, 731 F.2d 365, 369 (6th Cir. 1984). Moreover, the claim must be presented to the state courts under the same legal theory in which it is later presented in federal court. *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998). Simply stated, a federal court may review only federal claims that were evaluated on the merits by a state court.

Gerald acknowledges he did not exhaust his state court remedies. As explained above, a petitioner cannot obtain federal habeas relief unless he has completely exhausted his available state court remedies to the state's highest court. *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); 28 U.S.C. § 2254(b)(1)(A). The United States Supreme Court has emphasized that the "interests of comity and federalism dictate that state courts must have the first opportunity to decide a petitioner's claims," since "it would be unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to [sic] the state courts to correct a constitutional violation." *Rhines v. Weber*, 544 U.S. 269, 273–74 (2005) (citations omitted). Accordingly, where a habeas petition contains unexhausted claims, there is a "strong presumption" in favor of requiring a petitioner to pursue his available state remedies. *Granberry v. Greer*, 481 U.S. 129, 131 (1987); *see also O'Guinn v. Dutton*, 88 F.3d 1409, 1412 (6th Cir. 1996) ("[T]he Supreme Court has been quite clear that exhaustion is the preferred avenue and that exceptions are to be for narrow purposes only").

4

There is an exception. This Court need not wait for Gerald's claims to be exhausted if it determines that a return to state court would be futile. *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981) ("An exception is made only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief."); *Pillette v. Foltz*, 824 F.2d 494, 498 (6th Cir. 1987) ("One example of a special circumstance is where it is clear that requiring a petitioner to pursue further review before the state courts would be futile because state law precludes further review."). Gerald generally protests how the state courts have handled his case, but he identifies no valid reason why requiring him to exhaust his state court remedies would be futile.

Gerald has remedies available to him as he pursues claims in the Ohio courts. While this Court cannot guarantee Gerald will obtain the relief he seeks, neither can this Court conclude that continuing to exhaust his state court remedies would be futile. The merits of Gerald's claims must await a decision from the state courts, and so this action is dismissed to allow Gerald to complete state court review.

## CONCLUSION

The Petition is denied, and this action is dismissed without prejudice under Rule 4 of the Rules Governing Section 2254 Cases. This Court further certifies that there is no basis upon which to issue a certificate of appealability. 28 U.S.C. § 2253(c).

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                               JACK ZOUHARY
                                               U. S. DISTRICT JUDGE

July 21, 2017